UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CLAUDIO NUNEZ,                                              :
                                                            :
          Petitioner,                                    :      ORDER
                                                            :
          -against-                                      :      07 Civ. 7560 (SAS)
                                                            :
JAMES T. CONWAY, Superintendent,                            :
Attica Correctional Facility,                               :
                                                            :
          Respondent.                                    :
------------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

        Pro se petitioner Claudio Nunez filed a motion for appointment of counsel in connection with the habeas petition he filed under 28 U.S.C. § 2254. He has also filed a motion to proceed *in forma pauperis*. For the reasons that follow, petitioner's motion for the appointment of counsel and his motion to proceed *in forma pauperis* are granted.

I.     LEGAL STANDARD

        There is no constitutional right to appointed counsel in habeas petitions.[1] In *Hodge v. Police Officers*, the Second Circuit set forth the factors a

---

[1] *See Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000) (with a limited statutory exception, there is neither a constitutional nor statutory right to appointment of counsel in habeas proceedings; rather, appointment of counsel is committed to the discretion of the trial court).

court should consider in deciding whether to grant an indigent pro se litigant's request for appointment of counsel.[2] As a threshold requirement, the court must decide whether the petitioner's claim "seems likely to be of substance."[3] If the petitioner satisfies this requirement, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.[4]

In considering these factors, district courts should neither apply bright-line rules, nor automatically deny appointment of counsel until the applicant has survived a dispositive motion.[5]

## II. DISCUSSION

Given petitioner's status as a state inmate with no source of income, I find that he qualifies as indigent under *Hodge*. Accordingly, his motion to proceed *in forma pauperis* is granted. With regard to the appointment of counsel, I cannot state definitively, at this stage, that petitioner's claim is likely to be of

---

[2] *See* 802 F.2d 58, 61 (2d Cir. 1986).

[3] *Id.*

[4] *Id.* at 61-62.

[5] *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).

substance. However, there are other factors that weigh in favor of granting petitioner's request for counsel. *First,* Nunez does not speak or read English as Spanish is his only language. *Second*, he claims he suffers from a mental health disability. Finally, from the garbled and confusing description of the grounds supporting his Amended Petition, it is apparent that he cannot effectively articulate his constitutional claims.[6] Therefore, in the interest of justice, the appointment of a CJA attorney to represent Nunez is warranted in this case.

### III. CONCLUSION

For the foregoing reasons, petitioner's application for appointment of counsel and his motion to proceed *in forma pauperis* are granted. The CJA Clerk is hereby directed to assign Nunez an attorney from the list of CJA habeas counsel. The Clerk of the Court is directed to close these motions (Documents # 6 and 7).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         January 15, 2008

---

[6] Petitioner was instructed to file an Amended Petition by Chief Judge Kimba M. Wood because his first petition did not list any grounds for relief or facts to support them. Despite this instruction, his Amended Petition does not fare much better.

3

## - Appearances -

**Petitioner (Pro Se):**

Claudio Nunez
# 01-A-3050
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149